Albebt A. Oppido, J.
This is a motion by the defendant for an order in the nature of a writ of error coram nobis, pursuant to People v. Huntley (15 N Y 2d 72).
The defendant was indicted on November 9,1961 by the Grand Jury of Nassau County for the crime of murder in the first degree (2 counts). On November 14, 1961, the defendant appeared in the Nassau County Court. There, the court directed that a ‘ ‘ not guilty ’ ’ plea to the charge be entered and assigned counsel to represent the defendant. Subsequently, on November 26, 1962, the trial was commenced. On December 18, 1962, during trial, a motion to amend his plea of £ £ not guilty ” to a plea of “not guilty by reason of insanity” was granted. On the following day, December 19, 1962, the defendant withdrew his plea of “ not guilty by reason of insanity ” and substituted therefor a plea of “ guilty ” to manslaughter in the first degree (the second count of the indictment) in satisfaction of the indictment. On February 1, 1963, he was sentenced as a prior felony offender to a term of imprisonment, the maximum of which was 40 years, and the minimum of which was 30 years.
The defendant appealed from the aforesaid judgment of conviction solely on the ground that the sentence was excessive. On January 20,1964, the Appellate Division, Second Department, affirmed the aforesaid judgment of conviction. (20 A D 2d 682.)
The defendant, in this petition, maintains that certain inculpatory statements, two of which were in writing and admitted into evidence at the trial over his objection, and an oral admission made to the People’s psychiatrist, were obtained in violation of his constitutional rights by law enforcement officials. Specifically, the defendant claims that the postarrest statements were obtained as the result of mental and psychological coercion, *628 an illegal delay in arraignment, and denial of a request for counsel during postarrest interrogation.
The instant case initially presents the following question: Where the defendant, during trial and after the admission into evidence of an inculpatory statement over his objection that the confession was involuntary, withdrew his plea of “not guilty” and substituted therefor a plea of “ guilty”, may he maintain his application for a hearing by virtue of the remedy of coram nobis?
Prior to the enactment of sections 813-f, 813-g, 813-h and 813-i of the Code of Criminal Procedure (L. 1965, ch. 846) and People v. Huntley (supra), a defendant who had knowingly and voluntarily pleaded guilty could not thereafter attack the judgment of conviction entered thereon via an application for a writ of coram nobis or other postconviction remedy such as an appeal or habeas corpus on the ground that the confession was obtained in violation of his constitutional rights. (People v. Nicholson, 11 N Y 2d 1067, 1068.) The Court of Appeals stated therein: “ If a defendant desires to contest the voluntariness of his confession, he must do so by pleading not guilty and then raising the point upon the trial; he may not plead guilty and then, years later, at a time when the prosecution is perhaps unable to prove its case, assert this alleged constitutional violation. The issue as to whether the confession was illegally obtained is waived by the guilty plea.”
In the Nicholson case, the defendant pleaded guilty without going to trial. In People v. Fish (11 N Y 2d 1069), decided the same day as People v. Nicholson (supra), the defendant pleaded guilty after two days of trial. His motion for a writ of error coram nobis was denied upon the authority of People v. Nicholson (supra). In the third case, decided on the same day (People v. Jones, 11 N Y 2d 1070), the defendant pleaded guilty after the close of the People’s case. His motion for a writ of error coram nobis, which was also based upon similar grounds, was denied upon the authority of People v. Nicholson (supra). The holdings in the Nicholson, Fish and Jones cases have been reaffirmed in People v. Dash (16 N Y 2d 493), People v. Griffin (16 N Y 2d 508), and People v. Rogers (15 N Y 2d 690).
In People v. Rogers (supra), the defendant had been convicted of murder in the second degree upon his plea of guilty. Subsequently, he made a motion for a writ of error coram nobis alleging that his constitutional rights were violated by the taking of a confession from him while he was in the custody of the police, prior to his arraignment, and after his request *629 for counsel had been refused. The motion was denied upon the authority of People v. Nicholson (supra), People v. Jones (supra), and People v. Howard (12 N Y 2d 65).
In People v. Howard (supra), the defendant was convicted, after trial, of several counts of robbery and assault. He took no appeal from the judgment of conviction. In a coram nobis proceeding, the defendant alleged that a statement, which the prosecution used at the trial, had been obtained from the defendant by force, threats, and in the absence of counsel. The defendant was represented by counsel at the trial. The Court of Appeals held that, since the defendant was represented by counsel upon the trial, who could have objected to the offer of the statement, the question could have been raised on appeal, if an objection had been taken. Furthermore, the court said, coram nobis may not be used as a substitute for an appeal from a judgment of conviction. (People v. Howard, 12 N Y 2d 65, 66, supra.)
In the Nicholson, Jones, Fish, Rogers, Griffin and Dash cases, each defendant pleaded guilty without going to trial, or during trial. However, there is no indication in any of the opinions in the above cases, either from the Court of Appeals, the Appellate Division, or the lower courts, that the defendant raised the question of voluntariness of the confessions and denial of counsel either before or during trial.
Therefore, it can be seen that the question presented by the instant case lies between two extremes. At one pole, we have the defendant who proceeded to trial and did not object to the admission into evidence of a confession. (People v. Hotvard, supra.) At the other pole, we have the defendants who pleaded guilty without proceeding to trial (People v. Nicholson, supra; People v. Rogers, supra; People v. Dash, supra; People v. Griffin, supra), or pleaded guilty during their trial. In the latter situation, there is no indication as to whether the defendant objected to the admission into evidence of his inculpatory statement, or testified regarding the voluntariness of same prior to pleading. (People v. Jones, supra; People v. Fish, supra.)
In the case at bar, the defendant did, at first, elect to go to trial. At his trial, two written inculpatory statements were admitted into evidence over the defendant’s objections. In addition, there was introduced into evidence another written statement made by the defendant which, however, was received in evidence without any objection or testimony with regard to voluntariness. At the trial, the defendant elicited testimony *630 which challenges the voluntariness of the oral admission given to a psychiatrist in the employ of the Nassau County District Attorney.
Under the law, as it existed at the time of this defendant’s judgment of conviction (Feb. 1, 1963), there could be no appeal from a judgment of conviction, based upon a plea of guilty, on the sole ground that a confession or inculpatory statement was obtained involuntarily or in violation of the defendant’s constitutional rights (pre-Huntley). There was no statutory procedure which permitted a pretrial attack on the legality of a confession or admission and, therefore, no intermediate order entered.
Since the decisions in Jackson v. Denno (378 U. S. 368) and People v. Huntley (15 N Y 2d 72, supra), the New York State Legislature has enacted sections 813-f, 813-g, 813-h and 813-i of the Code of Criminal Procedure. (L. 1965, ch. 846.)
Thus, under the law as it exists today, a defendant, pretrial or during the trial, may move to suppress a confession or admission. If such motion is denied, and the defendant thereafter pleads guilty, the order denying such may be reviewed on appeal from a judgment of conviction. (Code Crim. Pro., § 813-g.)
In the instant case, the defendant Richard Muller at the time of trial did everything that a defendant presently could do to challenge the voluntariness of the confession. If Richard Muller were indicted today he could move pretrial to suppress the confession (Code Crim. Pro., § 813-i). If his motion were denied, and he later pleaded guilty, he could appeal the ensuing judgment of conviction on the sole ground that the “trial” court erred in finding the confession voluntary. (Code Crim. Pro., §§ 813-f-813-i.) The distinction between the present law and the pr e-Huntley situation is procedural.
As Judge Fuld stated in People v. Howard (12 N Y 2d 65, 66, supra): “As an abstract matter, there are few who would dispute the proposition that it is highly desirable that the law provide corrective process at any time for any substantial defect. There is, on the other hand, an unmistakable social value in putting an end to litigation at some point and there is, as well, an unmistakable social burden in affording unending corrective process for any defect. It was in an attempt to resolve these opposing interests that this court concluded that an application in the nature of a writ of error coram nobis is to be treated as an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him.”
*631 The Public Defender’s commendable position might have been accepted, but for the case of People v. Piracci (24 A D 2d 892 [2d Dept.]). In the Piracci case, the defendant had been indicted for murder in the first degree. During the trial, after testimony by 12 of the People’s witnesses and after a voir dire as to the voluntariness of the defendant’s confession and testimony as to the confession itself, all conducted in the jury’s presence, defendant interrupted the trial to plead guilty to manslaughter in the first degree. Prior to accepting the plea, the court elicited from the defendant the facts constituting the commission of the crime. More than four months later, and prior to sentence, defendant moved to withdraw his pleas of guilty on the basis of his claim that his confession was inadmissible under People v. Donovan (13 N Y 2d 148), decided after his plea of guilty had been accepted. The Appellate Division denied the request and stated: 1 ‘ While we concur in the findings that defendant’s confession was not obtained while his attorney was denied access, it is our opinion that, irrespective thereof, defendant by his plea of guilty waived his right to object to its having been illegally obtained (People v. Rogers, 15 N Y 2d 690). His waiver applies equally to the voluntariness of the confession (People v. Nicholson, 11 N Y 2d 1067, cert. den. 371 U. S. 929; People v. Dash, 16 N Y 2d 493) ”. (People v. Piracci, 24 A D 2d 892, 893, supra.)
This court concludes that it is compelled to follow the reasoning of the Piracci case. Therefore, the court holds that a defendant is not entitled to a hearing by virtue of the remedy of coram nobis where he, during trial and after admission into evidence of an inculpatory statement over his objection that the confession was involuntary and that he was denied the right to counsel during postarrest interrogation, pleaded guilty. It is, therefore, ordered that the defendant’s motion for an order in the nature of a writ of error coram nobis is denied in all respects.